# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **CHARLOTTE NICOLE O'NEAL** | § | |
| | § | **W-21-CV-1220-ADA** |
| **V.** | § | **W-18-CR-257-ADA-13** |
| | § | |
| **UNITED STATES OF AMERICA.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Charlotte Nicole O'Neal's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 913.[1] Also before the Court is Respondent United States of America's (the Government's) Response in opposition to the Motion. ECF No. 916. After reviewing Petitioner's Motion, the Government's Response, Petitioner's Reply, the record, and the applicable law, the Court **DENIES** Petitioner's Motion for the reasons stated below.

## I.   BACKGROUND

Petitioner, federal prisoner number 35690-180, is a 37-year-old inmate at the Carswell Federal Medical Center in Fort Worth, Texas. See BOP, Find an Inmate, https://www.bop.gov /inmateloc/ (search for Reg. No. 56873-177) (last visited May 31, 2022). Her projected release date is February 27, 2027. Id.

Law enforcement agents investigating drug-trafficking activities in Waco, Texas, obtained Court authorization "to monitor the wire and electronic communications" of a suspected dealer, Daniel Louis Lopez. ECF No. 314 at 4. They listened in as Lopez made deals to sell Petitioner "multiple ounces of methamphetamine . . . for distribution." Id. at 5.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in W-18-CR-157-ADA-13. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Petitioner was among twenty individuals indicted for drug-trafficking in central Texas. ECF No. 3. She pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. ECF No. 326. Her imprisonment range under the United States Sentencing Guidelines was 108 to 135 months. ECF No. 498 at ¶ 89. She was sentenced to 120 months in prison followed by five years of supervised release. ECF No. ECF No. 550 at 2, 3. Her conviction and sentence were affirmed by the Fifth Circuit Court of Appeals. United States v. O'Neal, 810 F. App'x 361, 362 (5th Cir. 2020).

Petitioner now asserts her counsel provided constitutionally ineffective assistance before and during her sentencing hearing. ECF No. 913 at 4. She observes her counsel "filed a motion for a sentence below the Sentencing Guidelines range based on her extensive cooperation." ECF No. 913-1 at 1–2. And she notes "[a] secondary part of counsel's justification for [a] lesser sentence was that [she] was the victim of human trafficking at the hands of her codefendants" and she was therefore deserving of a downward departure. Id. at 2. But she observes her "counsel made no argument relating to [her] abuse at sentencing." Id. So she argues her "counsel's performance was professionally unreasonable and [she] suffered prejudice." ECF No. 919 at 1. She asks the Court to order a new sentencing hearing and presumably to grant her the downward departure. ECF No. 913 at 12.

## II.   LEGAL STANDARD

Section 2255 " 'provides the primary means of collateral attack on a federal sentence.' " Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). It identifies only four grounds on which a

movant may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Consequently, it does not permit a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). It also requires a movant to bear the burden of establishing a claim of error by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980) (citing United States v. Kastenbaum, 613 F.2d 86, 89 (5th Cir. 1980)).

## III. Discussion

Petitioner contends her counsel provided constitutionally ineffective assistance when he failed to argue for a downward departure at her sentencing hearing. ECF No. 913-1 at 2. She asserts he should have argued for a below-guidelines sentence because she was the victim of human trafficking at the hands of her codefendants. Id. Her "claim of ineffective assistance of counsel does give rise to a constitutional issue." United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995).

A petitioner's ineffective assistance of counsel claim is analyzed under the two-pronged test identified in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a petitioner must show (1) her counsel's performance was deficient and (2) the deficient performance prejudiced her defense. Strickland, 466 U.S. at 689–94. To establish deficient performance, a petitioner must show that her counsel's assistance

3

fell " 'below an objective standard of reasonableness.' " United States v. Conley, 349 F.3d 837, 841 (5th Cir. 2003) (quoting Strickland, 466 U.S. at 688). "In the context of sentencing, prejudice means that but for [her] counsel's error, [her] sentence would have been significantly less harsh." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). If a petitioner fails to prove one prong, the reviewing court need not analyze the other. See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The record does not support Petitioner's ineffective assistance of counsel claim. It shows that prior to Petitioner's sentencing hearing, her counsel filed a motion for a downward departure and variance from the applicable Sentencing Guidelines range. ECF No. 533. "Counsel argued, inter alia, that [Petitioner] was a victim of human trafficking by her co-defendant, Daniel Lopez. Lopez 'sold' [Petitioner] to another drug dealer for the purpose of having [her] as a sex slave." ECF No. 913-1 at 5. Counsel "asked the court to depart from the sentencing guidelines based on [Sentencing Guidelines] § 5K2.0(c) . . . and § 5H1.3." ECF No. 916. "In addition, counsel requested a variance based upon the sentencing factors enumerated under 18 U.S.C. § 3553." ECF No. 913-1 at 5.

Sentencing Guideline § 5K2.0(c) permits a court to "depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure." U.S. SENT'G GUIDELINES MANUAL § 5K2.0(c) (U.S. SENT'G COMM'N 2018). But a Court may do so only if "each such offender characteristic or other circumstance is . . . present to a substantial degree; and identified in the guidelines as a permissible ground for departure." Id.

Sentencing Guideline § 5H1.3 provides "[m]ental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." Id. at § 5H1.3.

The record also shows that during Petitioner's sentencing hearing, her counsel briefly argued for a below-guidelines sentence for the reasons stated in the motion for a downward departure and variance:

> MR. PETERSON: . . . And so the request is that there be a below guideline sentence imposed in this case and we believe there was [sic] two avenues to reach that. One is through a departure under the 5H1.3 based on the facts set forth in the sealed motion. I will tell the Court that I have read that motion to Ms. O'Neal and the facts alleged in there are outside the presentence report, but they're facts that I've observed through my representation and she affirmed that they are true.  . . . But I think those -- the facts set forth there are very pertinent to 5H1.3, and that would allow the Court to depart, if the Court chooses to do so, downward. If the Court finds that 5H1.3 does not apply, there are two 3553 factors which could allow a variance, and I've set those provisions (a)(1) and (b)(1) in the motion.

ECF No. 618 at 8:2–16.

The prosecutor countered "[t]here are defendants similarly situated to this defendant who have had bad upbringings, who have had parents who use methamphetamine, who have even been influenced by their parents' use of methamphetamine." Id at 11:11–14. But, he argued, "[t]hat's not the exceptional circumstance that his type of departure is grounded on." Id. at 11:14–16. He observed Petitioner had two prior methamphetamine convictions. Id. at 12:2–3. He added "that on each of the cases that she has had where she's had contact with the criminal justice system, she's been on some type of supervision." Id. at 12:15–17. He noted Petitioner was responsible in this case for six transactions representing seven ounces of methamphetamine— which could be broken down and sold in smaller amounts. Id. at 13:16–23.

So, the Court was made aware of Petitioner's personal history, mental status, and emotional condition by her counsel before and during her sentencing hearing. After considering the arguments of Petitioner's counsel and the prosecutor, the Court exercised its discretion and decided not to grant Petitioner the requested downward departure—and it sentenced her to 120 months' imprisonment. Id. at 18:5–7.

The Court finds Petitioner has not overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689–94. It further finds Petitioner fails to adequately explain how her counsel's purported failure affected the outcome of her sentencing proceedings. Id. Simply stated, the Court considered—and rejected—counsel's argument that it should sentence Petitioner below the guidelines range. As a result, the Court also finds Petitioner has not established her counsel provided constitutionally ineffective assistance.

## IV. EVIDENTIARY HEARING

Petitioner asks the Court to "set this matter for an evidentiary hearing." ECF No. 913-1 at 7. She argues the record does not conclusively refute the allegations presented in her pleading.

A motion brought pursuant to § 2255 may be denied without a hearing only if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

6

The Court notes the record in this case conclusively shows that Petitioner's counsel raised the issue of a downward departure and variance in a pre-sentencing motion. ECF No. 533. It further shows that her counsel argued for a downward departure and variance at her sentencing hearing. ECF No. 618 at 8:2–16. Thus, the record is adequate to dispose fully and fairly of Petitioner's claim. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability must be granted by a judge or circuit justice before a petitioner may appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(B). And it "may issue only if the petitioner has made a 'substantial showing of the denial of a constitutional right.' " Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (quoting 28 U.S.C. § 2253(c)(2)).

In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejects a petitioner's claims solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, reasonable jurists would not debate the Court's conclusions that Petitioner's constitutional claim lacks merit. They would also not find that the issue presented is adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).

Consequently, the Court will not issue a certificate of appealability.

## VI. CONCLUSIONS

The Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. The Court further concludes that Petitioner is not entitled to a certificate of appealability. The Court accordingly enters the following orders:

**IT IS ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 913) is **DENIED**, and her civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

**SIGNED** this 3rd day of June 2022.

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**